UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

RAFAEL RIVERA,

                        Plaintiff,

                                     REPORT AND
     - against -                  RECOMMENDATION

MR. Z TOWING, INC. and FRANK          CV 12-3963 (SLT)(MDG)
ANDRIOPOULOS,

                        Defendants.

- - - - - - - - - - - - - - - - - - -X

    Plaintiff Rafael Rivera brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. against defendants Mr. Z Towing, Inc. and Frank Andriopoulos.  See DE 1. Defendants asserted a counterclaim against plaintiff.  See DE 9. Defendants now move to dismiss and for sanctions for breach of a purported settlement agreement reached between the parties on May 23, 2013 and placed on the record before the undersigned.  See DE 17.  The Honorable Sandra L. Townes referred defendants' motion to me for report and recommendation.

BACKGROUND

    After extensive discussions, including several settlement conferences before me, the parties reached an agreement to settle at a conference on May 23, 2013 at which the plaintiff and the individual defendant, who is the principal of the corporate defendant, appeared.  At the conclusion of the conference, the following was stated on the record:

THE COURT:  . . . . I understand that after some
discussion, the parties have reached an agreement to
settle --

MR. ZELLER:  Yes, your Honor.

THE COURT:  --  all the claims and counterclaims in
this action.  The terms of the settlement are fairly
straightforward.  In settlement of all the claims and
the counterclaim here, the defendants have agreed to
pay the plaintiff $9,000, inclusive of attorneys' fees.
And there will be a settlement agreement embodying this
and containing standard confidentiality terms, is that
correct?

MR. OMANSKY:  There will be a confidentiality clause.
If he reveals the settlement or any part of this
litigation to other parties, he will forfeit any monies
or reimburse.

THE COURT:  Okay.

MR. ZELLER:  That's not clear to me.  What does
reimburse mean?

MR OMANSKY:  Well, if he doesn't actually get paid --

THE COURT:  He could be liable but that's it.  You
would have to try to collect.  Anyway, I think it's a
typical -- you'll have a typical confidentiality order.
If you can't agree on language, I'll just dig one up,
all right?  Does that sound acceptable?

MR. ZELLER:  Yes, your Honor.

THE COURT:  Okay.  Now, I want Mr. Rivera and Mr.
Andriopoulos to understand that if we put a settlement on
the record before the Court, then the parties are agreeing
to a binding agreement.  And, even though the attorneys will
be embodying the agreement in a written agreement, all the
terms of the agreement have been discussed on the record, so
you will be bound.  And I'll just ask the attorneys to
confirm that they will agree to a standard confidentiality
clause.

MR. ZELLER:  You Honor, may we go off the record for a
moment?

> THE COURT:  Let's do it on the record.
>
> MR. ZELLER:  Can we do the settlement agreement on the
> record?
>
> THE COURT:  The confidentiality order?
>
> MR. ZELLER:  Everything on the record right now, in lieu of
> anything written, so we can be completely done with this?
>
> THE COURT:  That's fine too.  Tell me what -- okay, we'll go
> off the record.  We'll discuss the confidentiality terms and
> we'll put those terms on the record and then continue and
> put the terms of the settlement on the record.
>
> (Discussion held off the record.)

Transcript of May 23, 2013 conference (DE 14) at 2-4.  When the

parties went back on the record, they recited the terms of their

agreement, including the payment terms and an agreement to keep

confidential the facts of the case, materials obtained through

discovery and the terms of the settlement.  Id. at 5-6.  The

undersigned confirmed that the parties were entering into the

settlement willingly and the following discussion occurred:

> THE COURT:  And you both understand that by entering into a
> settlement on the record, all of the claims that could have
> been raised in this particular action -- so that's with
> respect to Mr. Rivera's claims for wages and all of the
> claim that Mr. Andripoulos and Mr. Z Towing may have against
> Mr. Rivera regarding his conduct as an employee are settled
> and no further claims can be brought in the future.  Do you
> understand that?
>
> MR. ANDRIOPOULOS:  Yes.
>
> MR. RIVERA:  Yes.

Id. at 8.  At the conclusion of the conference, I stated, "What I

would like the attorneys to do is simply to file a stipulation of

dismissal once payment is received and the check clears. . . ."
Id. at 9.  The Court ordered the parties to file a status report
by June 24, 2013 if they did not file a stipulation of dismissal
by that date.  See 5/23/13 minute entry.

On June 11, 2013, plaintiff's counsel filed a letter
complaining that settlement funds which were supposed to have
been delivered within ten business days of the May 23, 2013
agreement had not been received.  See DE 13.  After several
additional conferences were held to attempt to reinstate the
settlement, this Court concluded at a conference on July 1, 2013
that the parties were at an impasse and directed discovery to
proceed.  See minute entry dated 7/1/13.  The Court also directed
defendants to seek a pre-motion conference with Judge Townes if
they sought to enforce the settlement.  Instead of doing so,
defendants filed the instant motion for sanctions and to dismiss.
See DE 17.

In support of their motion, defendants submitted the
affidavits of defendant Andriopoulos and his wife, Hellen
Moustakas.  See DE 17-2.  They attest to conversations they had
with Vijay Bedasie, who told them that plaintiff talked to him,
as well as other employees of defendants, about the terms of his
settlement of this lawsuit.  Neither affiant describes Mr.
Bedasie's relationship with either of them or the plaintiff,
although I presume he is an employee of defendant.

-4-

DISCUSSION

Neither party seeks to enforce the settlement agreement nor does either party contend that the settlement agreement is unenforceable.[1]  Instead, defendants contend that because plaintiff breached the settlement agreement, they do not have to pay plaintiff the amount agreed to and plaintiff's claims should be dismissed.  Plaintiff does not affirmatively deny that he revealed the terms of the settlement agreement to others.  Rather, plaintiff argues that there is no legal basis for the relief requested by defendants and there is no factual basis for finding that plaintiff breached the confidentiality provision of the settlement agreement.  See DE 18 at 2.

Assuming, without deciding, that the settlement agreement is enforceable, defendants have not demonstrated on this record that plaintiff breached the confidentiality provision of the agreement.  However, assuming that plaintiff breached the agreement and that the confidentiality provision was a material term of the agreement, defendant is not entitled to dismissal of plaintiff's claims.  See Watie v. Fredericks of Hollywood Stores,

---

[1] As the parties confirmed at the conference, they intended that the settlement on the record reflected the parties' complete agreement and it would not be reduced to writing.  Generally, oral settlement agreements on the record are enforceable where the parties intended to be bound by the agreement in the absence of an executed document.  See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 321 (2d Cir. 1997) (citing Winston v. Mediaface Entm't Corp., 777 F.2d 78 (2d Cir. 1985)).

Inc., 1989 WL 7902, at *1 (D. Kan. 1989) (denying motion to dismiss after finding plaintiff breached confidentiality provision of settlement agreement and denying plaintiff's motion to enforce settlement).  Although a material breach by plaintiff of the settlement agreement would be a valid defense to a motion to enforce the settlement agreement, it is not a defense to the underlying FLSA claims asserted by plaintiff.  If the parties had intended that plaintiff would forfeit his claims if he revealed the terms of the settlement, they could have included such a provision in the agreement.  Absent such a provision, however, there is no basis for a finding that plaintiff waived his claims as a penalty for his breach of the settlement agreement.  A party cannot simultaneously rescind a contract and enforce the provisions of the rescinded contract.  See Barrett v. U.S., 651 F. Supp. 615, 618 (S.D.N.Y. 1986).  The effect of rescission would be to restore the parties to the position they were in prior to making the agreement.  See K.M.L. Labs. Ltd. v. Hopper, 830 F. Supp. 159, 164 (E.D.N.Y. 1993).  If defendants invoke the settlement agreement as an affirmative defense to plaintiff's claims, they cannot, at the same time, refuse to perform their obligations under the terms of the agreement.  Thus, I recommend denying defendants' motion to dismiss.

As for defendants' request for sanctions and attorneys' fees, defendants, again, provide no authority for the relief they

-6-

seek.  The Court has the inherent power to award attorneys' fees against the offending party for acting in "bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Agee v. Paramount Communications, Inc.</u>, 114 F.3d 395 (2d Cir. 1997); <u>Toon v. Wackenhut Corrections Corp.</u>, 250 F.3d 950, 952 (5th Cir. 2001) ("[w]hen a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions").  The imposition of sanctions pursuant to a court's inherent power requires a specific finding of bad faith. <u>See</u> <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110, 114 (2d Cir. 2009).  Such sanctions are only appropriate if there is "clear evidence that the conduct at issue is entirely without color and motivated by improper purposes." <u>Id.</u>  Findings that conduct is without color or for an improper purpose must be supported by specific factual findings.  <u>Id.</u>

Here, the hearsay statements submitted by defendants do not meet the evidentiary standard required to trigger the imposition of sanctions.  If defendant intends to continue to pursue such sanctions, an evidentiary hearing is necessary.

CONCLUSION

For the foregoing reasons, I respectfully recommend that the defendants' motion to dismiss be denied and defendants' motion for sanctions be denied without prejudice.  The parties must file

-7-

a report by September 23, 2016 as to whether they wish to proceed with the settlement agreement in light of the recommendations herein.

A copy of this report and recommendation is being filed and sent to the parties electronically on this date.  Any objections must be filed with the Clerk of the Court, with a copy to Judge Townes, on or before September 26, 2016.  Failure to file timely objections may waive the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**


Dated:     Brooklyn, New York
           September 9, 2016

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE