FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 0 2 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RAFAEL RIVERA,

    Plaintiff and Counter Defendant,

    -against-

MR. Z TOWING, INC. AND FRANK ANDRIOPOULOS

    Defendants and Counter Claimants
----------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

12-CV-3963 (SLT)(MDG)

**TOWNES, United States District Judge:**

Plaintiff Rafael Rivera commenced this action in 2012 under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), against Defendants Mr. Z Towing, Inc., and Frank Andriopoulos. (ECF No. 1). Defendants asserted a counterclaim against Plaintiff several months later. (ECF No. 9). After several extensive settlement conferences throughout 2013 the parties orally committed to a settlement agreement on the record before Magistrate Judge Go in June of 2013. (*See* Settlement Conf. Tr., ECF No. 14). Roughly one month later–and without entry of a stipulation or judgment–the Defendants moved to dismiss and for sanctions, contending that Plaintiff breached a confidentiality provision in the settlement agreement, and the undersigned referred the motions to Judge Go.

On September 9, 2016, Judge Go issued her Report & Recommendation ("R&R"), recommending that the Defendants' motion to dismiss be denied and Defendants' motion for sanctions be denied without prejudice. (R&R, ECF No. 21 at 25). Assuming that the settlement agreement was enforceable and that Plaintiff violated its confidentiality provision, Judge Go soundly reasoned that such a breach would at most constitute a defense to enforcement of the

settlement agreement *per se* and not the underlying FLSA claims. (R&R at 5-6). Judge Go also appropriately concluded that sanctions would be premature absent a more developed record concerning the alleged breach of confidentiality, since clear evidence of bad faith is necessary for sanctions in these circumstances. (*Id.* at 7 (citing *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)). On those bases Judge Go recommended denying the motion to dismiss and dismissing the motion for sanctions without prejudice to reurge.

A district court is not required to review the factual or legal conclusions of a magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

Judge Go's R&R advised the parties that any objections "must be filed . . . on or before September 26, 2016." (*Id.* at 8). That date has since passed, and this Court has yet to receive objections from any party.

## CONCLUSION

Acorrdingly, Judge Go's Report and Recommendation is adopted in its entirety.

Defendants' Motion to Dismiss is **DENIED** and Defendants' Motion for Sanctions is **DISMISSED without prejudice to reurge.**

Further motions on this matter will be referred to Judge Go as necessary.

**SO ORDERED**.

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 1, 2016
Brooklyn, New York